**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDY E. VASQUEZ,<br><br>        Petitioner,<br><br>    v.<br><br>M.E. SPEARMAN, Warden,<br><br>        Respondent. | ) Case No. CV 16-6333-JLS (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>) |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On July 27, 2017, Petitioner filed objections to the R. & R., in which he mostly simply repeats arguments from the Petition. He does ask, however, why, if he was prosecuted on an aiding-and-abetting theory, as the Magistrate Judge posited (R. & R. at 10-11), he was not convicted of it instead of second-degree murder. (Objs. at 3.) The answer is simple: under California Penal Code sections 30, 31, and 971, state law does not distinguish between principals and aiders and abettors. "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act

1

constituting the offense, or aid and abet its commission . . . are principals in any crime so committed." § 31; see also § 971 ("[A]ll persons concerned in the commission of a crime, who by the operation of other provisions of this code are principals therein, shall hereafter be prosecuted, tried and punished as principals and no other facts need be alleged in any accusatory pleading against any such person than are required in an accusatory pleading against a principal.") Petitioner's objections are not well taken.

Having made a de novo determination of those portions of the R. & R. to which Petitioner objected, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: September 10, 2017

JOSEPHINE L. STATON
U.S. DISTRICT JUDGE